J-S02031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NEWTON D. BRYAN | : | |
| | : | |
| Appellant | : | No. 883 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004984-2022

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MAY 5, 2025**

Newton D. Bryan appeals from the judgment of sentence imposed following his conviction for simple assault. He challenges the sufficiency of the evidence to support his conviction. We affirm.

Bryan was arrested on February 16, 2022, and was held for court on charges of aggravated assault, simple assault, recklessly endangering another person, and resisting arrest.[1] Bryan proceeded by way of a bench trial.

At trial, Sergeant Krzystof Wrzesinski testified that on the afternoon of February 16, 2022, he was working in the area of 1000 West Rockland Avenue in Philadelphia. N.T., 5/15/23, at 11-12. He stated that he was in full uniform and in a marked police car when he observed a police vehicle parked behind

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a), 2705, and 5104, respectively.

a blue Nissan. *Id.* Sergeant Wrzesinski saw Officer Markusovic[2] and Bryan standing on the sidewalk next to their vehicles. *Id.* As Sergeant Wrzesinski approached the scene, he observed that Officer Markusovic was pointing a taser at Bryan. *Id.* at 13. Sergeant Wrzesinski parked and as he was exiting his vehicle, he saw that Officer Markusovic and Bryan were in a struggle. *Id.* Sergeant Wrzesinski testified that he immediately ran and grabbed Bryan by the waist area to separate him from Officer Markusovic. *Id.* He testified that the following then occurred:

> I used verbal commands to stop resisting. Then I would say probably five to ten seconds, no longer, I was hit by [Bryan] by his elbow, when I was standing behind him when I grabbed his waist, in the chest area.
>
> When [Bryan] hit me in the chest area, it knocked off my body-worn camera and I collapsed on the steps. It's a concrete step right on the side of the establishment on the southeast corner of Rockland.
>
> I got up, picked up my body-worn camera. [Bryan] and Officer Markusovic were still in a struggle. When I got up, I put my camera back on, I helped the officer. At that point, I wasn't sure if there were more officers. I believe one more officer helped detain [Bryan] and put him in handcuffs.

*Id.* at 13-14.

Sergeant Wrzesinski testified that he sustained lower back injuries as a result of Bryan striking him with his elbow and his falling to the ground. *Id.* at 16-18. On cross-examination, Sergeant Wrzesinski stated that he did not

_____

[2] Officer Markusovic's first name is not in the record.

know if Bryan's strike with his elbow to his chest was intentional or not. *Id.* at 19-20.

The Commonwealth introduced into evidence Officer Markusovic's and Sergeant Wrzesinski's body-worn camera footage and played it for the trial court. *Id.* at 14-16.

Bryan testified that on February 16, 2022, he pulled his car over at 11th and Rockland Streets because he wanted to go to a nearby store. *Id.* at 22-23. Bryan stated that when he got out of the car to go to the store, Officer Markusovic walked up to him and asked him to step back in the car. Bryan said that he asked the officer, "Why do you want me to get back in the car? I'm just going to the store." *Id.* at 24. Bryan stated that Officer Markusovic did not give him answer and "grabbed [him] and put his hands on [him] and grabbed [his] wrist." *Id.* Bryan testified that "[f]rom there on, the altercation pursued." *Id.* He stated that he is six feet, four inches tall and weighs 280 pounds and that Officer Markusovic is six feet, 10 inches tall and weighs 260 pounds. *Id.*

Bryan testified that Sergeant Wrzesinski approached them midway through the altercation and "hugged [him]" and "wrapped his legs around [his] foot." *Id.* at 26. Bryan stated that "[a]t that moment, after [Sergeant Wrzesinski] wrapped his legs around my left leg, his feet were no longer on the Earth" and "Officer Markusovic pushed us both down to the ground, making us both hit the [ground]." *Id.* Bryan denied striking Sergeant Wrzesinski during the altercation. *Id.* at 27.

Bryan introduced into evidence a video taken by a witness of the incident. *Id.* at 27-28. There was also a stipulation between the parties that two character witnesses were present at trial and would testify that Bryan had a reputation in the community for being a peaceful individual. *Id.* at 30.

At the conclusion of the trial, the court took the matter under advisement. *Id.* at 44. On May 31, 2023, the court found Bryan guilty of simple assault. N.T., 5/31/23, at 3. It found Bryan not guilty of the remaining charges. *Id.* On August 8, 2023, the court sentenced Bryan to two years of reporting probation. This appeal followed.

Bryan raises the following question:

> Whether the evidence was insufficient to prove the elements of [s]imple [a]ssault because the evidence failed to establish that [Bryan] possessed the specific intent to inflict bodily injury upon [Sergeant Wrzesinski]; or that [Bryan] ever contacted [Sergeant Wrzesinski] to cause any direct bodily injury; or that [Bryan] attempted to cause bodily injury to [Sergeant Wrzesinski]?

Bryan's Br. at 8.

Bryan challenges the sufficiency of evidence to support his conviction for simple assault. He argues that the Commonwealth failed to prove that he caused Sergeant Wrzesinski's injuries. Bryan maintains that there was no evidence that his elbow struck Sergeant Wrzesinski. He emphasizes that the witness's cell phone video showed that his elbow never came into contact with Sergeant Wrzesinski. *Id.* at 27. He asserts that

> [t]he cell phone video showed that Sergeant Wrzesin[ski] put his arm around Mr. Bryan's waist just as Sergeant

- 4 -

> Wrzesin[ski] testified to. Sergeant Wrzesin[ski] next wrapped his legs around Mr. Bryan's legs just as Mr. Bryan testified to. That is the moment where the larger officer, Markusovic, takes both Mr. Bryan and Sergeant Wrzesin[ski] and pushes them back towards a doorway. The cell phone video shows how Sergeant Wrzesin[ski] went to the ground, and how his injury occurred. The cell phone video clearly did not show any movement from Mr. Bryan's elbow in the direction of Sergeant Wrzesin[ski].

*Id.* at 17. Bryan therefore argues that it was Officer Markusovic's push – not Bryan's elbow – that caused Sergeant Wrzesinski's injuries. *Id.* at 27. In his view, "[h]ad Officer Markusovic not intentionally and recklessly pushed Mr. Bryan and Sergeant Wrzesin[ski], Sergeant Wrzesin[ski]'s injuries would never have occurred." *Id.* at 28.

Bryan further argues that the Commonwealth failed to prove that he acted with the specific intent or recklessness required to establish simple assault. *Id.* at 21. He contends that there was no evidence that he intentionally struck Sergeant Wrzesinski. *Id.* He also asserts that there was insufficient evidence that he was reckless because he "did not initiate or escalate any unlawful physical contact with Sergeant Wrzesin[ski.]" *Id.* at 22. According to Bryan, "Sergeant Wrzesin[ski] created his own danger and risk to himself when he wrapped his legs around Mr. Bryan's leg during an illegal police encounter with Mr. Bryan." *Id.*

The sufficiency of evidence is a question of law. "Our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. Mikitiuk*, 213 A.3d 290, 300 (Pa.Super. 2019). When reviewing a challenge to the sufficiency of the evidence, "[w]e must determine whether the evidence

admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." ***Commonwealth v. Feliciano***, 67 A.3d 19, 23 (Pa.Super. 2013) (*en banc*) (citation omitted). "Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail." ***Id.*** (citation omitted). This standard applies equally where the Commonwealth's evidence is circumstantial. ***Commonwealth v. Patterson***, 180 A.3d 1217, 1229 (Pa.Super. 2018). The factfinder, "while passing on the credibility of the witnesses and the weight of the evidence[,] is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa.Super. 2017). This Court "may not weigh the evidence and substitute our judgment for the fact[]finder." ***Commonwealth v. Rogal***, 120 A.3d 994, 1001 (Pa.Super. 2015) (citation omitted).

A person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). "Bodily injury" is defined as the "[i]mpairment of physical condition or substantial pain." ***Id.*** at § 2301. "A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct." ***Id.*** at § 302(b)(3). "The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross

deviation from the standard of conduct that a reasonable person would observe in the actor's situation." *Id.*

Here, the trial court determined the evidence was sufficient to sustain Bryan's conviction for simple assault. It explained:

> There is sufficient – indeed, ample – evidence that [Bryan's] behavior was at least reckless. Although Sergeant Wrzesinski did not testify as to his height and weight, this [c]ourt could observe that he was significantly shorter and lighter than [Bryan]. The videos show that [Bryan] was throwing his body around and trying to fling the officers off him. Eventually he struck Sergeant Wrzesinski with enough force to knock off his body-worn camera, make a noticeable sound, and knock Sergeant Wrzesinski to the ground. Although [Bryan's] conscious objective may have been to escape the officers rather than to injure Sergeant Wrzesinski, the circumstances showed that he knew that the blow he struck was likely to cause pain and injury.

Trial Court Opinion, filed 6/3/24, 2024, at 5.

Based on our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find no error in the court's conclusion that the Commonwealth presented sufficient evidence that Bryan committed simple assault. Sergeant Wrzesinski testified that after he grabbed Bryan around the waist and verbally commanded him to stop resisting, he was struck in the chest area by Bryan's elbow. N.T. at 13. He said that Bryan's strike knocked off his body-worn camera and caused him to collapse on the concrete steps. *Id.* at 13-14. Sergeant Wrzesinski testified that he sustained lower back injuries as a result of the incident. *Id.* at 16-18. The trial court also heard testimony from Bryan and reviewed the body-worn

camera footage and the witness's cell phone video. The court, sitting as factfinder, was free to believe all, part, or none of the evidence. *Miller*, 172 A.3d at 640. Even if Sergeant Wrzesinski was mistaken that Bryan's elbow caused him to fall, his injuries would not have occurred but for Bryan's reckless actions in resisting the officers. We agree with the trial court that the evidence was sufficient to show that Bryan acted recklessly and consciously disregarded a substantial risk that caused Sergeant Wrzesinski bodily injury.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/5/2025